a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **ARAFAT AHMED #A220-483-420,** Plaintiff | **CIVIL DOCKET NO. 1:24-CV-01111** SEC P |
| **VERSUS** | **JUDGE DOUGHTY** |
| **WARDEN,** Defendant | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM ORDER**

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by pro se Petitioner, Arafat Ahmed ("Ahmed"). Ahmed is an immigration detainee at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. He seeks damages for the violation of his constitutional rights.

Because additional facts are necessary to support Ahmed's claims, he must AMEND the Complaint.

**I.    Background**

Ahmed alleges that Defendants are not providing him with a Halal diet. When he requested the special diet, Ahmed was informed that he could purchase Halal meals from the commissary. ECF No. 1 at 5. According to the response to his written detainee request, Ahmed is receiving the religious diet "common fare" menu. *Id.*

In a letter attached to the Complaint, Ahmed also asserts that he is being denied necessary medical treatment for his chronic health conditions.[1]  ECF No. 1-2.

## II.    Law and Analysis

### A.    Ahmed must allege discriminatory intent.

The Equal Protection Clause of the Fourteenth Amendment is "'essentially a direction that all persons similarly situated should be treated alike.'"  *Wood v. Collier*, 836 F.3d 534, 538 (5th Cir. 2016) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  It applies to the federal government and its employees through the Fifth Amendment's Due Process Clause.  *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

To state a claim for an Equal Protection violation, a plaintiff must allege purposeful discrimination resulting in a discriminatory effect among persons similarly situated.  *See Fluker v. King*, 679 F. App'x 325, 329 (5th Cir. 2017) (per curiam).  A plaintiff must allege that prison officials acted with a discriminatory purpose.  *See Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 579 (1984); *United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992).

Ahmed asserts that he is similarly situated to Christian, Hindu, and Jewish inmates who are receiving food they deem appropriate without additional charge. However, his allegations do not show or suggest that the disparate treatment is the

---

[1] In a habeas Petition filed in this Court, Ahmed alleges that he suffers from diabetes, obesity, hypertension, patent ductus arteriosus, asthma, heart disease, sleep apnea, tachycardia, history of acute renal failure, hyperlipidemia, and mental health disorders.  Case No. 1:24-CV-1110, ECF No. 1 at 9.  It has been recommended that the habeas Petition be dismissed. *Id.* at ECF No. 8.

result of a discriminatory intent by the Defendants.  Ahmed  must amend his Complaint to allege facts indicative of a discriminatory intent by the Defendant Warden, or any other Defendant he believes is violating his constitutional rights.

**B.** <u>**Ahmed must provide additional information regarding his medical care.**</u>

If Ahmed intends to pursue a claim for the denial of medical care, he must provide additional information regarding the alleged deprivation.  Ahmed must state:

(1)    the name of each person he claims denied him medical care;

(2)    the dates he requested medical care;

(3)    the reason for each request;

(4)    whether he was examined or treated on each occasion; and

(5)    what, if any, treatment he received.

Ahmed must also state what care he believes he is being denied.  Finally, Ahmed must explain what injury he suffered from the alleged denial of care.

## III.  <u>Conclusion</u>

Because Ahmed must provide additional information to support his claims, IT IS ORDERED that he AMEND the Complaint within 30 days of the date of this Order.

SIGNED on Wednesday, October 9, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE