a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ARAFAT AHMED #A220-483-420, Plaintiff | CIVIL DOCKET NO. 1:24-CV-01111 SEC P |
| VERSUS | JUDGE DOUGHTY |
| WARDEN, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF Nos. 1, 16) filed by pro se Plaintiff Arafat Ahmed ("Ahmed"). Ahmed is an immigration detainee at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. He seeks damages for the violation of his constitutional rights.

Because Ahmed does not state a viable claim against the Warden or Officer Timms be DENIED and DISMISSED WITH PREJUDICE.

I.   Background

Ahmed alleges a violation of the Equal Protection Clause because Defendants are not providing him with a Halal diet. When he requested the special diet, Ahmed was informed that he is receiving the "common fare" non-meat menu and may purchase Halal meals from the commissary. ECF No. 1 at 5.

In a letter attached to the Complaint, Ahmed also asserts that he is being denied necessary medical treatment for his chronic health conditions.[1]  ECF No. 1-2.

Ahmed was ordered to amend the equal protection claim to allege facts indicative of a discriminatory intent by the Warden, or any other Defendant Ahmed believes is violating his constitutional rights.  In response, Ahmed claims that the warden and guards are Islamophobic and "don't like Muslim inmates."  ECF No. 16 at 2.

Ahmed was also ordered to amend the medical care claim to identify each person who denied him medical care; the dates he requested medical care; the reason for each request; whether he was examined or treated on each occasion; and what, if any, treatment he received.  He was ordered to state what care he believes he is being denied and to explain what injury he suffered from the alleged denial of care.

In response, Ahmed alleges that on April 1, 2024, he asked a nurse, Paula Gates, for a continuous positive airway pressure machine ("CPAP") and Trulicity injection for obesity, but his requests were denied.  ECF No. 16 at 3.  He made the same request on May 1, 2024, and Nurse Gates informed him that he needed to supply his own CPAP.  *Id.*

On May 30, 2024, Ahmed repeated his request for weight loss medication and CPAP to a nurse practitioner, Kim Fannin.  *Id.* at 4.  Fannin made a referral to cardiology, but "ignored" his other requests.  *Id.*

---

[1] In a habeas Petition filed in this Court, Ahmed alleges that he suffers from diabetes, obesity, hypertension, patent ductus arteriosus, asthma, heart disease, sleep apnea, tachycardia, history of acute renal failure, hyperlipidemia, and mental health disorders.  Case No. 1:24-CV-1110, ECF No. 1 at 9.

2

Ahmed made another request for a CPAP and weight loss medication from Nurse Gates on June 25, 2024. The request was denied, but Ahmed was prescribed lisinopril. *Id.* at 4-5. Ahmed asserts that he told Nurse Gates that he could not take lisinopril due to acute renal failure, but she did not listen. *Id.*

On July 23, 2024, Ahmed reportedly fainted due to chest pain *Id.* at 4. He was transported to the hospital by ambulance. *Id.* Ahmed alleges that the hospital physicians recommended that he discontinue lisinopril and begin using a CPAP. *Id.* He was discharged the following day. *Id.* Still, Defendants refused to provide Ahmed with a CPAP machine.

On September 10, 2024, Ahmed was transported to LSU in Shreveport for a cardiology exam. *Id.* at 5. Ahmed alleges that the physician recommended that Ahmed be provided a CPAP or transferred to a facility that could provide one. *Id.*

One month later, Ahmed again requested the CPAP from a nurse, Ali Higgins, but the request was denied. *Id.* at 5-6.

Ahmed asserts that WCC staff repeatedly tells him to bring his issues to ICE, and ICE re-directs Ahmed to WCC medical staff. Ahmed alleges that the deprivation of a CPAP machine and weight loss medication has resulted in high blood pressure, leg swelling, obesity, shortness of breath, sore throat, depression, and anxiety. ECF No. 16 at 10.

In his Amended Complaint, Ahmed also alleges that he was assaulted by another detainee who hit him with a pillow case that contained a tablet. *Id.* Ahmed asserts that he warned Officer Sherman the previous day that the detainee had

threatened him. ECF No. 16 at 8. Ahmed also alleges that the same detainee was kicking a fence of the yard, trying to get to Ahmed. *Id.*

Finally, Ahmed alleges that his medical records were "seized and removed" by Officer Timms. *Id.* at 16.

## II. Law and Analysis

### A. Ahmed fails to state a viable equal protection claim.

The Equal Protection Clause of the Fourteenth Amendment is "'essentially a direction that all persons similarly situated should be treated alike.'" *Wood v. Collier*, 836 F.3d 534, 538 (5th Cir. 2016) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). To state a claim for an Equal Protection Clause violation, a plaintiff must allege purposeful discrimination resulting in a discriminatory effect among persons similarly situated. *See Fluker v. King*, 679 F. App'x 325, 329 (5th Cir. 2017) (per curiam). A plaintiff must allege that prison officials acted with a discriminatory purpose. *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 579 (1984); *United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992). "Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *Galloway*, 951 F.2d at 65. *see also Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

"Notably, the Equal Protection Clause does not require 'that every religious sect or group within a prison . . . must have identical facilities or personnel'; it requires only that prison officials afford inmates 'reasonable opportunities . . . to

4

exercise the[ir] religious freedom.'" *Fluker*, 679 F. App'x at 329 (citation omitted); *see also Simon v. Collier*, 23-CV-395, 2024 WL 3277383, at *4 (S.D. Tex. 2024).

Ahmed asserts that he is similarly situated to Christian, Hindu, and Jewish inmates who are receiving food they deem appropriate without additional charge. However, his allegations do not show or suggest that the disparate treatment was the result of a discriminatory intent by the Warden or other employee.

"[P]urposeful discrimination requires more than intent as volition or intent as awareness of consequences. . . . It instead involves a decisionmaker's undertaking a course of action because of, not merely in spite of, the action's adverse effects upon an identifiable group." *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) (internal quotation marks and citations omitted). To demonstrate a violation, a plaintiff must show the defendants adopted and implemented the policy at issue "for the purpose of discriminating on account of race, religion, or national origin." *Id.* at 677. Such allegations are necessary to state a claim under the Equal Protection Clause. *See Lowery v. Gonzales*, No. 23-10366, 2023 WL 8449215 at *1 (5th Cir. 2023).

Ahmed does not provide facts or allegations supporting his claim that providing kosher—but not halal—meals is motivated by intentional or purposeful discriminatory intent. *See Miles v. Lumpkin*, 6:20CV334, 2022 WL 4245540, at *6 (E.D. Tex. 2022), *report and recommendation adopted*, 2022 WL 3648183 (E.D. Tex. 2022) ("Plaintiff must show that the serving of kosher entrees but not halal ones was motivated by intentional or purposeful discrimination."). His claim that there are no free Halal meals because the Warden is Islamophobic is conclusory and insufficient

5

to state a viable claim for relief. *See Propes v. Mays*, 169 F. App'x 183, 185 (5th Cir. 2006) (conclusory allegations that rights have been violated are insufficient to raise equal protection claim); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982) (generalized assertion of racial discrimination is insufficient to state an equal protection claim).

Additionally, there is no constitutional right for prisoners to be served the specific foods they wish, such as halal meat. *See Baker v. Davis*, 5:17-CV-78, 2018 WL 4690959, at *11 (E.D. Tex. 2018), *report and recommendation adopted*, 5:17-CV-00078-RWS, 2018 WL 4685459 (E.D. Tex. 2018) (citing *Robinson v. Jackson*, 615 F. App'x 310 (6th Cir. 2015); *Spies v. Voiovich*, 173 F.3d 398, 406-07 (6th Cir. 1999); *Williams v. Morton*, 343 F.3d 212, 218-19 (3rd Cir. 2003) (providing Muslim inmates with vegetarian meals rather than meals containing halal meat, while providing Jewish inmates with kosher meals, did not violate the Equal Protection Clause)). Ahmed's exhibits indicate that he is provided a vegetarian common fare diet with an option to purchase Halal meals. As a result, Ahmed fails to state a viable equal protection claim.

B.   <u>Ahmed fails to state a viable claim for his confiscated property.</u>

Ahmed alleges that Officer Timms took some medical records from his personal property. The Due Process Clause of the Fourteenth Amendment provides: "[N]or shall any State deprive any person of … property, without due process of law." U.S. Const. amend. XIV. However, the random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if

6

the state provides an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 544 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). Even in instances where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. *Hudson*, 468 U.S. at 532.

The United States Court of Appeals for the Fifth Circuit has recognized that Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. *See Hutchinson v. Prudhomme*, 79 F. App'x 54, 55 (5th Cir. 2003); *Copsey v. Swearingen*, 36 F.3d 1336, 1342–43 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984). Ahmed's state law remedy for the alleged negligent or intentional loss of his property lies in a suit for damages in state court. Because Louisiana law provides an adequate remedy, the Due Process Clause is not implicated.

### III. Conclusion

Because Ahmed does not allege a viable constitutional claim for property loss or the denial of equal protection, IT IS RECOMMENDED that those claims against Officer Timms and the Warden be DENIED AND DISMISSED WITH PREJUDICE[2]. Ahmed's claim of medical care deprivation against Nurses Paula Gates, Kim Fannin, and Ali Higgins, and his failure to protect claim against Officer Sherman should be served pursuant to a separate order.

---

[2] The Court may sua sponte dismiss his claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as he has notice and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The 14-day time frame for filing objections to a recommended dismissal provides a plaintiff with notice and an opportunity to respond. *See Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321 at *3 n.1 (E.D. Tex. Sept. 26, 2008).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, February 24, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE