a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ARAFAT AHMED #A220-483-420,        CIVIL DOCKET NO. 1:24-CV-01111
Plaintiff                                             SEC P

VERSUS                              JUDGE TERRY A. DOUGHTY

WARDEN ET AL,            MAGISTRATE JUDGE PEREZ-MONTES
Defendants

REPORT AND RECOMMENDATION

Before the Court is a Motion for Default (ECF No. 41) filed by pro se Plaintiff Arafat Ahmed ("Ahmed"), and a Motion to Dismiss (ECF No. 50) filed by Defendant Ali Higgs ("Higgs") with respect to Ahmed's civil Complaint (ECF No. 1) and Amended Complaint (ECF No. 16).

Because Ahmed has failed to comply with the Local Rules for the Western District of Louisiana, the Complaint and Amended Complaint (ECF Nos. 1, 16) should be DISMISSED WITHOUT PREJUDICE.

I.    Background

Ahmed sought damages for lost property, denial of equal protection of the laws, denial of adequate medical care, and lack of protection from harm. His claims regarding lost property and the denial of equal protection against Officer Timms and the Warden were denied and dismissed with prejudice. ECF No. 24. The remaining Defendants, except for Paula Gates, were served with the Complaint. ECF No. 29.

1

Defendant Ali Higgs filed an Answer to the Complaint. ECF No. 30. Defendnats Fannin and Sherman did not. Accordingly, Ahmed asked that the court grant him relief against the non-responsive Defendants. ECF No. 41.

All correspondence to Ahmed has been returned to the Court since December 12, 2025, as Ahmed is no longer detained. ECF No. 44, 46, 48, 52, 55. Ahmed has not updated the Court with his current address.

## II.   Law and Analysis

A district court may dismiss an action for a petitioner's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*, without a motion by a defendant. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

This Court's Local Rule 41.3 provides that the failure of a pro se litigant to promptly notify the Court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address, and no correction is made to the address for a period of 30 days.

More than 30 days have passed since the Clerk began to receive returned documents, and Ahmed has failed to update his address. Accordingly, the Complaint and Amended Complaint should be dismissed.

### III.    Conclusion

Because Ahmed has failed to apprise the Court of his address and failed to prosecute his case, IT IS RECOMMENDED that Ahmed's Motion (ECF No. 41) be DENIED, Higgs's Motion (ECF No. 50) be GRANTED, and the Complaint and Amended Complaint (ECF Nos. 1, 16) be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41 and Local Rule 41.3.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, April 14, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3